[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13898
Non-Argument Calendar

_____

D.C. Docket No. 2:12-cr-00026-JES-DNF-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN M. LOVELL,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(September 11, 2014)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Stephen Lovell appeals his 60-month sentence, imposed after he was

convicted of one count of conspiring to commit health care fraud, in violation of 18

U.S.C. §§ 1349 and 1347.  On appeal, Lovell argues that the district court clearly erred in applying a four-level enhancement under U.S.S.G. § 3B1.1(a) for his role as an organizer or leader in the health care fraud conspiracy, given that he was merely a straw owner of the clinic operated by the co-conspirators.  Lovell contends that, while he received a small sum for permitting the clinic to use his chiropractic license, his co-conspirators developed the idea for the clinic; performed the work to create the clinic's legal and physical existence; hired all of the employees and set their salaries; maintained all bookkeeping for the clinic; and received nearly all of the clinic's profits.

We review a district court's determination that a defendant is subject to a § 3B1.1 organizer or leader enhancement for clear error.  *United States v. Martinez*, 584 F.3d 1022, 1025 (11th Cir. 2009).  "Where a fact pattern gives rise to two reasonable and different constructions, the factfinder's choice between them cannot be clearly erroneous."  *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir.) (quotation omitted), *cert. denied*, 133 S.Ct. 629 (2012).  Further, we give deference to the district court's application of a § 3B1.1 enhancement on appeal.  *United States v. Ramirez*, 426 F.3d 1344, 1355 (11th Cir. 2005).

Pursuant to § 3B1.1(a), a defendant's offense level will be increased by four "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."  U.S.S.G. § 3B1.1(a).  Here,

2

Lovell does not dispute that the conspiracy at issue involved five or more participants, only that he was not an organizer or leader in the conspiracy.

In assessing a defendant's role in the offense, district courts consider the following factors: (1) "the exercise of decision making authority," (2) "the nature of participation in the commission of the offense," (3) "the recruitment of accomplices," (4) "the claimed right to a larger share of the fruits of the crime," (5) "the degree of participation in planning or organizing the offense," (6) "the nature and scope of the illegal activity," and (7) "the degree of control and authority exercised over others." *Id.* § 3B1.1, comment. (n.4). All of these factors need not be present for the enhancement to apply, but "[s]ection 3B1.1 requires the exercise of some authority in the organization, the exertion of some degree of control, influence, or leadership." *United States v. Ndiaye*, 434 F.3d 1270, 1304 (11th Cir. 2006) (quotation omitted); *Martinez*, 584 F.3d at 1026.

Because more than one person can qualify as an organizer or leader of a conspiracy, the defendant need not be the sole leader of the conspiracy for the enhancement to apply. U.S.S.G. § 3B1.1, comment. (n.4); *Ramirez*, 426 F.3d at 1355 (quotation omitted). Moreover, the enhancement may apply where the defendant exerted influence or control over only one other person in the conspiracy. *See* U.S.S.G. § 3B1.1, comment. (n.2); *United States v. Lozano*, 490 F.3d 1317, 1323 (11th Cir. 2007).

Finally, the government must prove the existence of a leadership role by a preponderance of the evidence. *United States v. Yeager*, 331 F.3d 1216, 1226 (11th Cir. 2003). The government must also prove any facts in the PSI that are objected to by the defendant by a preponderance of the evidence. *Martinez*, 584 F.3d at 1027. Once it proves such disputed facts, "the district court must either: (1) make an explicit factual finding as to the allegation; or (2) determine that no such finding is necessary because the matter controverted will not be taken into account in sentencing the defendant." *Id.* (quotation omitted).

Reviewing for clear error, we find sufficient evidence to support the district court's application of the § 3B1.1(a) organizer or leader enhancement because the government established by a preponderance of the evidence that Lovell had an aggravating role in the health care fraud conspiracy. *See Yeager*, 331 F.3d at 1226. The evidence indicates that Lovell had a significant degree of participation in planning and organizing the conspiracy. *See* U.S.S.G. § 3B1.1, comment. (n.4). Lovell met with the other co-conspirators to discuss how to form the clinic, agreed to the continued use of his license to open and operate the clinic, incorporated the clinic and served as its sole legal owner, loaned the clinic $20,000 to fund its opening, signed the clinic's lease, and opened the clinic's bank account.

Moreover, Lovell appointed Jackson the clinic's office manager, and hired and paid the salary of the clinic's only chiropractor. His exertion of control over at

4

least one other person in the conspiracy qualifies him as an organizer or leader. *See* U.S.S.G. § 3B1.1, comment. (n.2); *Lozano*, 490 F.3d at 1323.  Furthermore, Lovell exercised some decision making authority in the conspiracy, such as instructing his co-conspirators to form shell corporations to launder money without raising suspicion. *See* U.S.S.G. § 3B1.1, comment. (n.4).  The fact that co-conspirators made daily business decisions for the clinic and controlled the clinic's finances did not negate Lovell's organizational or leadership role in the conspiracy, because there can be more than one organizer or leader of a conspiracy. *See* U.S.S.G. § 3B1.1, comment. (n.4); *Ramirez*, 426 F.3d at 1355.

That the district court could have come to another conclusion based on these facts does not demonstrate clear error, particularly when we give deference to the district court's application of a § 3B1.1 enhancement. *See Almedina*, 686 F.3d at 1315; *Ramirez*, 426 F.3d at 1355.  Because Lovell exercised "some degree of control, influence, or leadership" in the conspiracy, even though others may have had a larger role, the district court's determination that Lovell's participation merited the four-level aggravating role enhancement was not clearly erroneous. *See Martinez*, 584 F.3d at 1025; *Ndiaye*, 434 F.3d at 1304.  Accordingly, we affirm his 60-month sentence.

**AFFIRMED.**

5